22-910-cr
United States v. Lopez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                      No. 22-910-cr

ALFREDO LOPEZ,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:     Darrell Fields, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY

FOR APPELLEE:     T. Josiah Pertz, Sarah Mortazavi, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Alfredo Lopez appeals from an April 20, 2022 judgment of conviction entered by the United States District Court for the Southern District of New York (Halpern, J.) after a guilty plea to one count of illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(1).  The District Court sentenced Lopez principally to 21 months' imprisonment and three years of supervised release.  On appeal, Lopez challenges his sentence as substantively unreasonable.  On January 30, 2023, while this appeal was pending, Lopez, a citizen of Guatemala, was released

from federal custody, and on March 15, 2023, he was removed to Guatemala. After his removal, we instructed the parties to submit briefing addressing whether developments in the case had rendered Lopez's appeal moot. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss the appeal.

"Generally, 'if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case.'" United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007) (quoting United States v. Blackburn, 461 F.3d 259, 261 (2d Cir. 2006)). We dismiss Lopez's appeal as moot. Lopez, who has been removed from the United States several times, is ineligible for readmission without prior permission from the Attorney General. See 8 U.S.C. § 1182(a)(9)(A)(ii)(I); id. § 1229a. In both Williams and United States v. Mercurris, 192 F.3d 290 (2d Cir. 1999), "we dismissed as moot [an appeal of] a sentence by a defendant who had been released from prison and was [removed] before completion of his term of supervised release, where the defendant 'ha[d] only a

3

quixotic chance of legally returning to the United States' to serve the remainder of his term of supervised release."[1] Williams, 475 F.3d at 479 n.6 (quoting Mercurris, 192 F.3d at 294). Urging a different conclusion in this case, Lopez argues that the District Court imposed the maximum term of supervised release in anticipation of Lopez's likely attempt to return to the United States. But our assessment of whether Lopez's release and removal render his appeal moot turns largely on whether he has a "chance of legally returning to the United States," Mercurris, 192 F.3d at 294 (emphasis added), not whether he might reenter under any circumstance. "There is no indication in the record" that Lopez will be able to legally return to the United States during his term of supervised release, Williams, 475 F.3d at 479 n.6, and Lopez makes no representation to the contrary. The chances that he will ever face consequences for noncompliance with the conditions of supervised release are speculative. Because Lopez's claim does not present a case or controversy, his appeal is moot. We accordingly dismiss for lack of jurisdiction.

---

[1] In Williams, we noted that this was "a separate and independent ground" for finding that the defendant's appeal in that case "was moot." Williams, 475 F.3d at 479 n.6.

4

On the off-chance that Lopez returns to the United States while his current term of supervised release is pending and, for example, the sentencing court imposes a more serious sentence on account of his violation of supervised release, our dismissal of this appeal for lack of jurisdiction would not prevent Lopez from again raising the present challenge to the District Court's sentence. See Johnson v. Morgenthau, 160 F.3d 897, 898-99 (2d Cir. 1998); United States v. Herrera-Cruz, 813 F. App'x 694, 695-96 (2d Cir. 2020).

For the foregoing reasons, the appeal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court